UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL RYNES,

        Petitioner,

    -v-

H.D. GRAHAM,

        Respondent.

DECISION AND ORDER
08-CV-0548M

---

Petitioner, Michael Rynes, initially filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of New York. After that Court granted petitioner permission to proceed *in forma pauperis* and directed him to show cause why the statute of limitations, 28 U.S.C. § 2244(d)(1), should not bar the petition (Docket No. 4), petitioner was granted an extension of time to comply with the order to show cause and then filed a letter requesting the voluntary dismissal of this matter so he could complete his state court exhaustion proceedings (Docket No. 6). The Northern District, before acting on the request to voluntarily withdraw the petition, transferred the petition to this Court. (Docket No. 7).

Upon receipt of this matter, the Court issued an Order noting that the withdrawal of the petition could expose petitioner to the danger that any renewed habeas petition would be time-barred,[1] *see, e.g., Cosby v. Ricks*, 02 Civ. 3777 (HB)(KNF), 2003 WL 22671037 (S.D.N.Y., November 12, 2003), and, rather than granting the request to withdraw the petition, the Court construed the request to withdraw the petition as a motion for a stay-and-abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Because it appeared, however,

---

[1] This assumes obviously that the petition is not time-barred, which, as set forth below, I may in fact be time-barred.

that the petition was time barred, the Court deferred a decision on the stay-and-abeyance request until petitioner, as previously directed by the Northern District of New York, showed cause why the petition should not be dismissed as time-barred. Petitioner was thus given 30 days to show cause why the petitioner should not be dismissed as untimely. (Docket No. 9).

In response to the Court's Order, petitioner filed a letter stating, *inter alia*, that despite the Court's apparent belief to the contrary, "[he] does have the necessary facts and proof to establish his timeliness under the tolling mandate" and that he made his initial request to withdraw the petition not because he needed to exhaust certain state judicial remedies as initially stated but for "personal reasons." (Docket No. 10). The only logical interpretation of plaintiff's letter is that he wants to withdraw this matter as originally requested and is again asking the Court to grant his request.

Accordingly, the petition is hereby dismissed without prejudice. See Fed.R.Civ.P. 41(a)(1). Petitioner is cautioned, however, that the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) continues to be applicable and that failure to re-file his petition within the limitations period may result in his petition being deemed time-barred.[2]

SO ORDERED.

Dated:   SEPT 16      , 2008
         Rochester, New York

                                         _____
                                         CHARLES J. SIRAGUSA
                                         United States District Judge

---

[2] The Court emphasizes that, although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section," the United States Supreme Court has determined, in *Duncan v. Walker*, 533 U.S. 167 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act. Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition. Thus, petitioner may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.